United States District Court
Southern District of Texas
**ENTERED**
October 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRANCISCO SANCHEZ, (TDCJ # 01271648), *Plaintiff*, vs. MAJOR RODRIGUEZ, *Defendant*. | § § § § § § § § § § § CIVIL ACTION NO. H-23-3230 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Francisco Sanchez (TDCJ #01271648), is an inmate in custody at the Coffield Unit of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ). Proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Major Rodriguez of TDCJ's Wynne Unit violated his constitutional rights by being deliberately indifferent to his lung condition and by refusing to provide him with an accommodation for that condition. (Dkt. 1). At the Court's request, Sanchez also provided a More Definite Statement of his claims. (Dkt. 9).

Because Sanchez is a prisoner proceeding *in forma pauperis*, the Court is required to screen his complaint as soon as feasible after docketing. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915 (providing for screening of suits by prisoners

proceeding *in forma pauperis*); 42 U.S.C. § 1997e(c) (providing for screening of suits by prisoners under § 1983). "As part of this review, the district court is authorized to dismiss a complaint if the action 'is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (per curiam) (quoting 28 U.S.C. § 1915A(b)(1)). Having conducted this required screening of Sanchez's complaint, the Court dismisses this action for the reasons explained below.

## I. BACKGROUND

While Sanchez is currently incarcerated in the Coffield Unit, he was previously assigned to the Wynne Unit. (Dkt. 1, p. 3). Sanchez alleges in his complaint that while he was at the Wynne Unit, he asked Major Rodriguez to move him to a different cell because his cellmate smoked K-2 in the cell, which Sanchez asserted aggravated his lung condition. (*Id.*). Sanchez also told Major Rodriguez that he needed to be moved because the cell he was in did not have enough electrical outlets to allow him to use a breathing machine he was given for his lung condition. (*Id.*). Despite Sanchez's requests, Major Rodriguez refused to move him to a different cell. (*Id.*).

In a second claim, Sanchez alleges that on an unidentified date, he told Major Rodriguez that he was having trouble breathing, and she told him, "I don't care" and walked away. (*Id.*). He alleges that some time later he woke up in the hospital.

2

(*Id.*). As relief for both of these claims, Sanchez seeks "justice." (*Id.*).

In his More Definite Statement, Sanchez states that he was at the Wynne Unit from January 2018 until some unknown time in 2021. (Dkt. 9, p. 3). Sanchez explains that in 2018 he was diagnosed with "black dots" in his lungs, and they make it difficult for him to breathe. (*Id.*). The only treatment he has been provided for this condition is a C-Pap machine intended to help him breathe. (*Id.* at 3-4).

Sanchez alleges that on an unidentified date in 2019, he asked Major Rodriguez to move him to a different cell because his cellmate was smoking K2 in the cell, which was aggravating his lung condition. (*Id.* at 4). Sanchez alleges that responded to the request by saying, "You are not a special inmate. There are other inmates with C-Pap machines in other cells." (*Id.*). She refused to move him to a different cell, and he was exposed to the K2 smoke for an additional nine months before he was finally moved to the Coffield Unit. (*Id.*).

As to his second claim, Sanchez alleges that the incident happened on an unidentified date in 2021. (*Id.* at 5). He states that on the day in question, he was forced to lie down in one of the hallways because he could not breathe. (*Id.*). Other officers called Major Rodriguez to the scene. (*Id.*). When she arrived, she said, "Get up, fool. You're just acting. I will give you a major case if you do not get up." (*Id.*). The other officers told Sanchez to submit a sick-call request. (*Id.*). When Sanchez did not get up, a captain called the infirmary. (*Id.*). Sanchez was

3

taken there, where he became unconscious. (*Id.*) Sanchez was then taken to the hospital in Huntsville, where he was placed on oxygen overnight and released the next day. (*Id.* at 5-6). Sanchez's treatment for his lung condition was not changed during or because of his hospital stay. (*Id.* at 6). Shortly after that incident, Sanchez was transferred to the Coffield Unit. (*Id.*).

Sanchez alleges that Major Rodriguez acted unprofessionally during both incidents. (*Id.* at 7). He alleges that she does not care about his health or his life and is not prepared or qualified for the position she holds. (*Id.*). He states that his health worsened because Major Rodriguez refused to move him to a different cell and that he was sad because Major Rodriguez had treated him "like trash." (*Id.* at 8). In response to a question about the relief he is seeking, Sanchez states, "She don't deserve the position of Major, unless she ask God for wisdom and love." (*Id.*). Sanchez states that he does not seek revenge, but instead seeks only justice. (*Id.*).

## II. DISCUSSION

While not a model of clarity, Sanchez's complaint appears to allege two separate claims against Major Rodriguez: one arising from her 2019 refusal to transfer him to a different cell and one arising from the 2021 incident that led to his hospitalization. Review of the facts underlying these claims shows that Sanchez is not entitled to relief on either of them.

4

### A. Statute of Limitations

Sanchez's first claim is based on Major Rodriguez's alleged refusal to move him to a different cell upon his request in 2019. Any claims arising from this incident must be dismissed as untimely filed.

There is no federal statute of limitations for actions under § 1983, so federal courts borrow the forum state's general personal injury limitations period. *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019), *as revised* (July 2, 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Because "Texas has a two-year statute of limitations for personal injury claims[,]" a civil rights plaintiff in Texas has two years from the date the claims arise to file suit. *Balle v. Nueces County, Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). As a result, a Texas prisoner's claim brought more than two years after he knew or had reason to know of his injury is barred by limitations and subject to dismissal under § 1915A(b)(1). *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Sanchez's complaint alleges that he requested that he be transferred to a new cell sometime in 2019. (Dkt. 9, p. 4). But Sanchez did not file his civil rights complaint seeking relief for his alleged resulting injuries until August 28, 2023, well beyond the two-year deadline. Claims that are plainly barred by the applicable

5

statute of limitations are subject to dismissal as legally frivolous. *See Gonzalez*, 157 F.3d at 1019-20; *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam). Because Sanchez waited more than two years from the time he learned of his claims to file his complaint, his claims arising from Major Rodriguez's 2019 refusal to move him to a different cell are untimely and are dismissed under 28 U.S.C. § 1915A(b)(1).

### B. Mootness

Sanchez alleges that the incident involving his hospital stay occurred on an unidentified date in 2021. Because Sanchez does not recall the exact date, the Court cannot determine whether this claim is barred by limitations. However, even assuming at this stage of the proceedings that the claim is timely filed, Sanchez's transfer from the Wynne Unit to the Coffield Unit renders his request for relief moot.

An action becomes moot "when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (quoting *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013)). An inmate's transfer to another unit renders his claims for injunctive relief moot unless he can show either a "demonstrated probability" or a "reasonable expectation" that he will be transferred back to the facility and subjected to the allegedly unconstitutional

actions. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that an inmate's transfer from a detention center to a state correctional institution mooted his Eighth Amendment claims for declaratory and injunctive relief because any suggestion of a transfer back to the detention center was too speculative to warrant relief); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Jurisdiction over a plaintiff's claims for future relief is appropriate only if a reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions").

Sanchez's complaint alleges that Major Rodriguez violated his constitutional rights while he was incarcerated at the Wynne Unit. (Dkt. 1, pp. 2-3). But Sanchez has since been transferred to the Coffield Unit. (*Id.* at 1). Sanchez has neither alleged nor shown either a demonstrated probability or a reasonable expectation that he will be transferred back to the Wynne Unit or that Major Rodriguez would violate his constitutional rights if such a transfer occurred. Sanchez's transfer to a different unit renders his claim for relief against Major Rodriguez moot, and his action must be dismissed on this basis.

## III.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Sanchez's civil rights action, (Dkt. 1), is **DISMISSED** with prejudice as to his claims from the 2019 incident and without prejudice as moot as to his

7

claims from the 2021 incident.

2. Any pending motions are **DENIED** as moot.

3. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas on _____10|12_____, 2023.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE